UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANA H., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | CASE NO. C19-5748-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1972.[1] She has her GED, but no past relevant work. (AR 2026-28.) Plaintiff protectively filed both her SSI application and an application for Disability Insurance Benefits (DIB) on December 17, 2015, alleging disability beginning December 1, 2005. (AR 180-87.) The applications were denied at the initial level and on reconsideration.

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

After an initial postponement to allow plaintiff time to obtain a representative (*see* AR 33-39), plaintiff appeared with counsel at a hearing on February 2, 2018.  At hearing, ALJ Eric Basse took testimony from plaintiff and a vocational expert (VE).  (AR 2020-69.)   Also, plaintiff amended her alleged onset date to December 1, 2015, confirming, because of her "date last insured," the withdrawal of her DIB application.  On August 1, 2018, the ALJ issued a decision finding plaintiff not disabled.  (AR 15-26.)

Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on June 8, 2019 (*see* AR 1), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date.  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found plaintiff's coronary artery disease, ischemic heart disease, asthma, and migraine headaches severe. Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.  The ALJ found plaintiff able to perform

sedentary work, except that she can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently balance, stoop, kneel, or crouch; and occasionally crawl; and cannot have exposure to extremes of heat and cold or concentrated exposure to pulmonary irritants or hazardous conditions.  Plaintiff had no past relevant work to consider at step four.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs, such as work as a final assembler, addresser, and order clerk.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.")  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred at step two and in considering a medical opinion and her symptom testimony.  She requests remand for further administrative proceedings.  The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

Step Two

At step two, a claimant must make a threshold showing her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. § 416.920(c). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling (SSR) 85-28). "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims." *Id*. (citing *Bowen*, 482 U.S. at 153-54). An ALJ is also required to consider the "combined effect" of an individual's impairments in considering severity. *Id*. A diagnosis alone is not sufficient. Instead, a claimant must show her medically determinable impairments are severe. 20 C.F.R. § 416.921.

Plaintiff argues the ALJ erred at step two and beyond in failing to consider her obesity. She notes evidence showing she has been overweight since at least 2012 and obese since November 2015, the month prior to the amended alleged onset date. (AR 357 (September 2012: 164 pounds; body mass index (BMI) of 29.0); AR 713 (November 2015: 179 pounds; BMI 31.72); SSR 02-01p ("Clinical Guidelines describe a BMI of 25-29.9 as 'overweight' and a BMI of 30.0 or above as 'obesity.'"))[2] Her weight continued to increase, reaching 212 pounds (BMI 37.5) in March 2017 and exceeding 200 pounds for the remainder of the time covered by the medical record (*see, e.g.*, AR 1258, 1272, 1276, 1544, 1646).

Pointing to SSR 02-01p, plaintiff observes the Commissioner's recognition of the role obesity can play in relation to other conditions, including, *inter alia*, cardiovascular disease, heart

---

[2] The Social Security Administration (SSA) rescinded and replaced SSR 02-01p with SSR 19-2p, but the effective date of the new SSR, May 20, 2019, falls after the ALJ's August 1, 2018 decision.

disease, peripheral vascular disease, and dyslipidemia, and the way it is considered at steps two, three, and four.  For instance, at step two, the ALJ will find obesity severe when it, alone or in combination with another impairment, significantly limits basic work activities, and "will also consider the effects of any symptoms (such as pain or fatigue) that could limit functioning."  SSR 02-1p.  At step four, the ALJ considers the effect obesity may have on an individual's ability to function, including the ability to function over time.  *Id*.  "In cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity."  *Id*.

Plaintiff asserts her obesity played a role in her coronary artery disease as seen by the repeated plaque buildups that led to multiple procedures over a three-year period.  She also asserts its impact on her fatigue, which, as the ALJ acknowledged, plaintiff alleged was the biggest impediment to her ability to work.  (*See* AR 20.)  Plaintiff avers reversible error in the ALJ's failure to consider her obesity.  *See, e.g., Law v. Colvin*, No. 14-16496, 2016 U.S. App. LEXIS 13594 at *4 (9th Cir. July 16, 2016) ("Although obesity itself is not a listed impairment, the ALJ was required to consider Law's obesity in combination with his other impairments throughout the five-step evaluative process.  The ALJ failed to recognize the possibility that Law's extreme obesity, in combination with his other impairments, might be sufficient to fully explain his reported symptoms.") (citing SSR 02-1p).

The Commissioner contends plaintiff "misunderstands the purpose of step two" as "merely a threshold determination meant to screen out weak claims[,]" and not to "identify the impairments that should be taken into account" when determining the RFC.  *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (citing *Bowen*, 482 U.S. at 146-47).  The Commissioner maintains plaintiff "could not possibly have been prejudiced[]" where step two was decided in her favor because any alleged error is "harmless and cannot be the basis for a remand."  *Id*. at 1049.  The Commissioner

ORDER
PAGE - 5

further contends plaintiff alleges no more than generalized harm, without explaining how her obesity specifically and independently caused additional limitations. The Commissioner states the ALJ was free to consider plaintiff's limitations through the lens of her severe coronary artery disease, rather than her obesity, and that the ALJ, in any event, specifically considered plaintiff's fatigue and other symptoms in assessing her RFC. The Commissioner notes that a failure to identify an impairment at step two is harmless when the ALJ considered any limitations that would have been posed by the impairment. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

The Court finds reversible error. Plaintiff's obesity, either as a description, diagnosis, problem, or issue relevant to her symptoms and/or care, is repeatedly mentioned throughout the record. (*See, e.g.*, AR 876, 924, 943, 1040, 1126, 1255, 1263, 1272, 1276, 1350, 1417, 1460, 1480, 1499, 1517, 1562, 1646, 1793, 1869.) Plaintiff also discussed her weight gain at hearing. (AR 2038 ("And I gained 70 pounds [after the bypass in 2017], in which they were very unhappy with.")) Yet, the ALJ did not mention plaintiff's obesity in the decision.

As a general principle, an ALJ's error may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.* Therefore, "[e]ven if an ALJ does err in failing to find an impairment severe at step two, such error is properly deemed harmless where the limitations associated with the impairment are considered at step four." *Lewis*, 498 F.3d at 911.

However, this is not a case in which it can be said "all impairments" whether severe or not "were taken into account" in assessing RFC. *Buck*, 869 F.3d at 1048-49 (finding no error where, after a remand, an ALJ identified three new severe impairments at step two, but did not find the

RFC altered: "In fact, '[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.' The RFC therefore *should* be exactly the same regardless of whether certain impairments are considered 'severe" or not. Here, all impairments were taken into account both times.") (internal citation omitted; emphasis in original).  There is, in fact, no indication the ALJ was even aware of plaintiff's obesity, whether deemed a severe impairment or not and whether considered alone or in combination with other impairments.  Nor can it be assumed, given plaintiff's severe cardiac-related impairments and asthma and her primary symptom of fatigue, that obesity would have no bearing on her functioning.  *See* SSR 02-1p.  Under these circumstances, the Court is unable to find the omission of obesity harmless.  This matter must be remanded for further consideration of plaintiff's impairments beginning at step two, including consideration of her obesity.

## Medical Opinion

Margaret Sandler, Ph.D., ARNP, wrote a letter dated February 1, 2018.  (AR 1346.) Sandler indicated she had served as plaintiff's primary care provider since December 2014 and was familiar with her medical history.  She opined plaintiff was not "able to work at any competitive job on a full-time basis due to her combination of medical conditions[,]" and that, "[i]n particular, her cardiovascular health and associated fatigue would prevent her from sustaining work." (*Id.*)  Sandler also stated that, while "hopeful" plaintiff's medical condition "may stabilize to the point that she is able to return to work part-time in the future," Sandler did not believe plaintiff was "employable in any capacity" at that time and since early 2015.  (*Id.*)

The ALJ gave Sandler's opinion little weight.  (AR 24.)  The ALJ found Sandler did not provide sufficient medical explanation, provided only a conclusive finding on disability, an issue reserved to the Commissioner, *see* 20 C.F.R. 416.927(e), SSR 96-5p, and that the letter lacked a

ORDER
PAGE - 7

true functional assessment.  As the Commissioner observes, the ALJ need only have provided germane reasons for rejecting Sander's "other source" opinion.  20 C.F.R. § 416.902(a); *Molina*, 674 F.3d at 1112.[3]  While the ALJ could be said to have provided germane reasons in relation to Sandler, this matter is subject to remand for the reasons stated above.  On remand, the ALJ should reconsider all medical opinion and other medical evidence at step two and beyond.

<u>Symptom Testimony</u>

The rejection of a claimant's subjective symptom testimony[4] requires the provision of specific, clear, and convincing reasons.  *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina*, 674 F.3d at 1112).  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).

The ALJ here found plaintiff's statements concerning the intensity, persistence, and limiting effect of her symptoms not entirely consistent with the medical and other evidence in the record.  It can be said that, in so doing, the ALJ identified specific, clear, and convincing reasons in support of his conclusion, such as evidence of effective treatment and improvement, symptoms controlled with medication, failure to comply with treatment, and stability during absent treatment. (AR 20-23).  *See*, *e.g.*, *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017); *Molina*, 674 F.3d at 1113-14; *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008); *Warre v. Comm'r of the SSA*, 439 F.3d 1001, 1006 (9th Cir. 2006); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir.

---

[3] New regulations include advanced practice registered nurses like Sandler, as well as audiologists, and physician assistants, as "acceptable medical sources," other licensed heath care workers as "medical sources," and other sources of evidence as "nonmedical sources."  20 C.F.R. § 416.902(a), (d), (e).  The new regulations are, however, applicable only to claims filed after March 27, 2017.

[4] Effective March 28, 2016, the SSA eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character.  SSR 16-3p.  The Court continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 8

2005); *Morgan v. Comm'r of SSA*, 169 F.3d 595, 599-600 (9th Cir. 1999); 20 C.F.R. § 416.929 (c)(3); SSR 16-3p. However, the ALJ's failure to consider plaintiff's obesity necessitates a re-evaluation of the medical record, including the evidence as it relates to plaintiff's symptom testimony. The ALJ must therefore reconsider plaintiff's symptom testimony on remand.

## CONCLUSION

For the reasons set forth above, this matter is REMANDED for further administrative proceedings.

DATED this 11th day of May, 2020.

Mary Alice Theiler
United States Magistrate Judge